Mr. Albert L. Weintraub Miami Springs City Attorney 2250 Southwest 3rd Avenue, 5th Floor Miami, Florida 33129 Attention: Ms. Jan K. Seiden Assistant City Attorney
Dear Mr. Weintraub:
You have asked for my opinion on substantially the following question:
Is the City of Miami Springs authorized to use contraband forfeiture trust funds available pursuant to section 932.7055(4), Florida Statutes, to fund a portion of the city's new recreation building/gymnasium, which will be utilized and occupied by the city police department for a satellite community police office?
In sum:
While individual police initiatives and programs may fall within the scope of those purposes authorized by section 932.7055(4), Florida Statutes, the actual development and construction of a satellite community police office would appear to meet the "normal operating needs of the law enforcement agency" and therefore the Florida Contraband Forfeiture Act would prohibit the use of contraband forfeiture trust funds for such a purpose.
According to your letter, the City of Miami Springs is building a new recreation building/gymnasium. The police department will utilize a portion of this facility for a community police office. You have asked whether contraband forfeiture trust funds may be used for a proportionate share of the required funding for development and construction of this facility. Your letter indicates that the community police office will foster local community involvement in police activities and programs, youth related projects, leagues, education, and informational and outreach meetings for citizens and local civic organizations.
Sections 932.701-932.707, Florida Statutes, constitute the Florida Contraband Forfeiture Act. Section 932.702, Florida Statutes, makes it unlawful to transport, conceal, or possess contraband articles or to acquire real or personal property with contraband proceeds. The act states that any contraband article, vessel, motor vehicle, aircraft, personal property, or real property used in violation of its terms may be seized and shall be forfeited pursuant to its provisions.[1] The act provides that when the seizing agency is a county or municipality, that after payment of certain liens and costs the remaining proceeds shall be deposited in a special law enforcement trust fund established by the board of county commissioners or the governing body of the municipality.[2]
Pursuant to section 932.7055(4)(a), Florida Statutes, the proceeds from a forfeiture and the interest earned therefrom may only be used "for school resource officer, crime prevention, safe neighborhood, drug abuse education and prevention programs, or for other law enforcement purposes, which include defraying the cost of protracted or complex investigations, providing additional equipment or expertise and providing matching funds to obtain federal grants. The proceeds and interest may not be used to meet normal operating expenses of the law enforcement agency."
Funds received through an appropriation from the contraband forfeiture fund may be expended in accordance with statutorily prescribed procedures:
"1. Such funds may be used only for school resource officer, crime prevention, safe neighborhood, drug abuse education, or drug prevention programs or such other law enforcement purposes as the board of county commissioners or governing body of the municipality deems appropriate. 2. Such funds shall not be a source of revenue to meet normal operating needs of the law enforcement agency. 3. After July 1, 1992, and during every fiscal year thereafter, any local law enforcement agency that acquires at least $15,000 pursuant to the Florida Contraband Forfeiture Act within a fiscal year must expend or donate no less than 15 percent of such proceeds for the support or operation of any drug treatment, drug abuse education, drug prevention, crime prevention, safe neighborhood, or school resource officer program(s). The local law enforcement agency has the discretion to determine which program(s) will receive the designated proceeds."[3]
Given the statutory prohibition against using contraband forfeiture trust funds as a source of revenue to meet normal operating needs of a law enforcement agency, this office has consistently concluded that contraband funds should be used only for the expressly specified purposes or for other extraordinary programs and purposes, beyond what is usual, normal, regular or established.[4]
While you have stated that the satellite community police office will "foster local community involvement in police activities and programs, youth related projects, leagues, programs and activities, and education, informational and outreach meetings for citizens and local civic organizations," I see a distinction between the programs and activities taking place in or sponsored by the police at this location and the development and construction of the building in which these activities may take place. This office has previously determined that contraband forfeiture funds may be used for such activities as a police athletic league with the primary purpose of preventing crime by providing recreational programs for disadvantaged youths[5] and a weekly teen dance as a drug-free, safe community activity.[6] Thus, while these activities may not be traditional methods of crime prevention, this office has recognized that preventing or reducing crime is a valid use of contraband forfeiture funds.
However, development and construction of a community police office itself would appear to facilitate the normal day-to-day operations of the police department. In Attorney General Opinion 86-48 this office considered whether contraband forfeiture trust funds could be used to construct a building to be used by the sheriff for storing evidence. In concluding that such a use of these funds was not authorized, it was noted that space for storing evidence in criminal cases would appear to be one of the normal operating needs of the sheriff in carrying out the statutory duties of that office and represents a continuing, ongoing or regular duty or function of that office.[7] Similarly, a satellite community police station would appear to function as the administrative office of the city police in a particular area of the city and would be used to carry out the statutory duties of that office. Thus, construction of such a facility would appear to satisfy the police department's normal operating need for a site of day-to-day operations but would not be an appropriate subject for the expenditure of contraband forfeiture trust funds.
In sum, while individual police initiatives and programs may fall within the scope of those purposes authorized by section 932.7055(4), Florida Statutes, it is my opinion that the actual development and construction of a community police office would appear to meet the "normal operating needs of the law enforcement agency" and the Florida Contraband Forfeiture Act would prohibit the use of contraband forfeiture trust funds for such a purpose.
Sincerely,
Richard E. Doran Attorney General
RED/tgh
[1] See, s. 932.703(1)(a), Fla. Stat.
[2] See, s. 932.7055(4)(a), Fla. Stat.
[3] Section 932.7055(4)(c)1.-3., Fla. Stat.
[4] See, Op. Att'y Gen. Fla. 83-9 (1983) (trust fund may not be used to compensate physician's assistant rendering medical services at the county jail as furnishing medical care and treatment to county prisoners is an ongoing, normal or regular duty and function of the sheriff's office). And see, Ops. Att'y Gen. Fla. 96-62 (1996) (cost of upgrading computers a normal operating expense of department that may not be paid from contraband forfeiture trust fund), 91-69 (1991) (special law enforcement team patrolling highway deemed normal activity not payable from trust fund), and 86-48 (1986) (county may not use trust funds to construct an evidence storage building).
[5] Op. Att'y Gen. Fla. 91-84 (1991).
[6] Op. Att'y Gen. Fla. 92-76 (1992).
[7] And see, Op. Att'y Gen. Fla. 97-31 (1997) (city not authorized to expend contraband forfeiture funds to build and maintain a stable for horses used for mounted police patrol unit).